ALD-242                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1956
_____

MICHAEL DARREN DARBY
                                              Appellant

v.

RICHARD J. GEIGER;
MATTHEW M. BINGHAM
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-01513)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 21, 2011
Before:  SCIRICA, HARDIMAN AND VANASKIE, Circuit Judges

(Opinion filed: August 17, 2011)
_____

OPINION
_____

PER CURIAM

In October 1991, Michael Darren Darby pleaded guilty in New Jersey Superior

Court to first-degree murder and first-degree robbery.  He was sentenced to life

imprisonment plus 15 years.  Darby did not file a direct appeal.  In 2005 and 2009 Darby

filed petitions for post-conviction relief in New Jersey Superior Court. Judge Richard J. Geiger denied relief on both occasions; Assistant Prosecutor Matthew Bingham represented the state in the latter proceeding. In October 2008, Darby filed a petition for habeas corpus in the District Court, which was dismissed as untimely. Darby did not appeal; instead, he filed a "Motion for Stay and Abeyance on Mixed Petition Pending Exhaustion on Rule 60(b) Motion Made in the Court Wherein Plea was entered." The District Court denied the motion as well as Darby's request for a certificate of appealability and appointment of counsel. Darby appealed, and we denied a certificate of appealability on May 16, 2011.

On March 22, 2009, Darby, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 against Judge Geiger and Assistant Prosecutor Bingham. He alleged that the state court post-conviction relief proceedings violated his constitutional rights. Pursuant to U.S.C. §§ 1915A & 1915(e)(2)(B), the District Court dismissed the complaint for failure to state a claim and held that amendment would be futile. Darby appeals. He also presents a motion for "Appointment of Counsel, Alternatively a Protective Petition for Stay of Review Pending Outcome of a Prior Matter Before the Court."

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of his claims. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F. 3d 217, 223 (3d Cir. 2004). Upon review, we conclude that this appeal

2

does not have an arguable basis in fact or law, and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The District Court properly dismissed Darby's complaint.  Darby asked the District Court to set aside his state-court convictions and "all . . . adverse collateral review judgments."  To the extent that Darby sought to overturn in a § 1983 action his state court convictions, he may not do so.  He may obtain that relief in federal court only by way of a habeas petition.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").  If he sought money damages as a consequence of his state convictions, the attempt is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Furthermore, to the extent, if any, that Darby sought to file an appeal in the District Court from decisions in his state court post-conviction relief proceedings, the Rooker-Feldman doctrine also bars his suit.  See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Great Western Mining & Mineral Co. v. Rox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (setting forth a four-part test for when to apply the doctrine derived from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

In his complaint, Darby also requested "the costs associated with the prosecution of this action." The District Court interpreted this as a request for damages, which, to the extent it was a request for damages, was properly denied.[1] Judges are entitled to absolute immunity—thus, immune to civil suits for damages—even when they commit errors of law. Figueroa v. Blackburn, 208 F.3d 435, 440, 444-45 (3d Cir. 2000). Similarly, state prosecutors generally enjoy absolute immunity from suit. Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) (citing Imbler v. Pachtman, 424 U.S. 409, 418 (1976)). Although Darby argues to the contrary, a prosecutor's absolute immunity continues into the post-conviction relief context, "where the prosecutor is personally involved . . . and continues his role as advocate," id. at 137 (citing Spurlock v. Thompson, 330 F.3d 791, 799 (6th Cir. 2003)), as in this case, based on Darby's allegations.

For these reasons, the District Court properly dismissed Darby's complaint. We conclude, further, that the District Court did not abuse its discretion in denying Darby leave to amend on the basis of futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). For these reasons, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). We also will deny his motion for appointment of counsel. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). In Darby's alternative to his request for appointment of counsel—a stay of review pending the outcome of a prior matter—he

---

[1] In his "Argument in Support of Appeal," filed with this Court, Darby states that he was only seeking costs and not a damages award. As Darby was not the prevailing party in this action, he was not entitled to receive costs. See P. Mastrippolito and Sons, Inc. v. Joseph, 692 F.2d 1384, 1388 (3d Cir. 1982).

4

apparently refers to a separate appeal, which we ruled on in May 2011.  We will therefore

deny his request for a stay as moot.[2]

---

[2] We also reject as unfounded Darby's claims that the District Court judge was biased against him.  Insomuch as he bases his claim of bias on the fact that the District Court judge previously denied his habeas petition, we note that "it has long been regarded as normal and proper for a judge to sit . . . in successive trials involving the same defendant," Liteky v. United States, 510 U.S. 540, 551 (1994), and that "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal," Securacomm Consulting v. Securacom, 224 F.3d 273, 278 (3d Cir. 2000).